[No. 12481-9-III.   Division Three.   July 27, 1993.]

RAFAEL L. RAMIREZ, ET AL, *Respondents,* v. TIFFANY ERIN DIMOND, ET AL, *Appellants.*

*Robert F. Ewing, Jr.,* and *Huppin Ewing Anderson & Paul, P.S.,* for appellants.

*Michael J. McMahon* and *Etter & McMahon, P.S.,* for respondents.

THOMPSON, C.J. — Tiffany E. Dimond appeals a judgment on a jury verdict. Rafael and Mary Ramirez were awarded $127,443.90 for personal injuries Mr. Ramirez suffered in a car accident with her. Ms. Dimond contends it was error to give a life expectancy instruction because there was no evidence Mr. Ramirez suffered any permanent injury. We hold the instructions, read as a whole, correctly advised the jury what it must consider in assessing Mr. Ramirez' damages, and, therefore, affirm the judgment.

On August 11, 1989, Rafael Ramirez was injured in a 2-car automobile accident in Spokane. The driver of the other vehicle, Tiffany Dimond, admitted liability. The case proceeded to trial on the issue of damages.

The pertinent facts relate to the nature of Mr. Ramirez' injuries. Just after the accident, Mr. Ramirez felt pain in his head, chest, feet, ankles, left side, and lower back. He lost feeling in his left arm. Mrs. Ramirez took him to the hospital, where he spent 2 hours in the emergency room.

Two or three days after the accident, Mr. Ramirez was feeling more pain and was suffering severe headaches, so he went to see Dr. James McAllister. Dr. McAllister prescribed medication and referred Mr. Ramirez to physical therapy. He was unable to return to work full time until late December 1989.

A year after the accident, Mr. Ramirez continued to suffer pain in his neck and back, but had decided to attempt his former regimen of regular exercise. On September 10, 1990, Mr. Ramirez, who is a supervisor for the post office, was on an assignment in Walla Walla. While there, he fell when a chair in which he was sitting collapsed. He immediately felt the same pain in his head, neck, left hip, and lower back as he did after the automobile accident. He subsequently consulted Dr. Edward Reisman. It took Mr. Ramirez until December 1990 to return to the level of recovery he had achieved before he fell from the chair. At the time of trial in May 1992, Mr. Ramirez was back at work full time. However, he continued to suffer pain and had not resumed his former physical activities such as martial arts, basketball, soccer, and skiing.

None of the witnesses, including the medical experts, testified Mr. Ramirez sustained permanent injury or disability from the automobile accident. Dr. McAllister treated him from August 14, 1989, to April 1990 and diagnosed a cervical strain and a probable concussion. He stated that with Mr. Ramirez' type of injuries, the best medicine is time. Dr. John Clark, a neurologist, evaluated Mr. Ramirez on May 4, 1990. Although he found no objective neurologic or bony injury, Dr. Clark testified that is not unusual. Dr. Clark also stated he thought Mr. Ramirez' condition would gradually improve

with time. Dr. Reisman examined Mr. Ramirez on September 21, 1990, after the fall from the chair in Walla Walla. At the time of trial, Mr. Ramirez was still under his care.

Mrs. Ramirez testified her husband has never completely recovered and is still in too much pain to do his normal physical activities. She stated, "I don't see him getting better. I see it continuous." Mr. Ramirez' three children also testified that their father still hurts from the accident and is unable to participate in the physical activities he previously engaged in with them.

The jury returned a verdict of $127,443.90 in favor of Mr. Ramirez and his wife. The verdict included $7,499.80 in lost wages, $4,944.10 in medical expenses, $100,000 in general damages and $15,000 in loss of consortium for Mrs. Ramirez.

Ms. Dimond contends the court erred when it gave instruction 11 over her objection:

> According to mortality tables, the average expectancy of life of a male aged 41 years is 33.16 years. This one factor is not controlling, but should be considered in connection with all the other evidence bearing on the same question, such as that pertaining to the health, habits, and activity of the person whose life expectancy is in question.

According to Ms. Dimond, this instruction is appropriate *only* when there is evidence the plaintiff is permanently injured. Conversely, it is improper when the evidence, as here, establishes merely that the plaintiff continues to suffer pain.

Instruction 11 is the same as WPI 34.04. The comment to the pattern instruction states: "The circumstances under which the giving of this instruction is proper are reviewed in Lofgren v. Western Wash. Corp. of Seventh Day Adventists, 65 Wn.2d 144, 396 P.2d 139 (1964)." *Lofgren v. Western Wash. Corp. of Seventh Day Adventists*, 65 Wn.2d 144, 396 P.2d 139 (1964) observed at page 147:

> This court has, on numerous occasions, considered the propriety of giving or refusing to give, this instruction. The rule is well stated in *DeKoning v. Williams*, 47 Wn. (2d) 139, 286 P. (2d) 694 (1955), wherein the court stated that it is proper to

give the instruction where there is evidence of *either* (a) *perma-nent injury,* (b) future loss of earnings, *or* (c) *future pain and suffering.* Each of the elements is based upon a projection of the future effect of the injury.

(Footnote omitted. Italics ours.) The rule is also cited in *Wolff v. Coast Engine Prods., Inc.*, 72 Wn.2d 226, 229, 432 P.2d 562 (1967) and *Leak v. United States Rubber Co.*, 9 Wn. App. 98, 105, 511 P.2d 88, 89 A.L.R.3d 78, *review denied*, 82 Wn.2d 1012 (1973).

■ Ms. Dimond argues *Lofgren* is wrong, and points to *Vangemert v. McCalmon*, 68 Wn.2d 618, 622, 414 P.2d 617 (1966), and authority from other jurisdictions, which hold evidence of permanent injury is required to support a mor-tality table instruction. *See, e.g., Skultety v. Humphreys*, 247 Or. 450, 456-57, 431 P.2d 278, 281-82 (1967). Nevertheless, the Washington Supreme Court has continued to use the language in *DeKoning v. Williams*, 47 Wn.2d 139, 286 P.2d 694 (1955) *after* the *Vangemert* decision. *Wolff.* This court may not overrule our Supreme Court. *Hamilton v. Depart-ment of Labor & Indus.*, 111 Wn.2d 569, 571, 761 P.2d 618 (1988); *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227, 39 A.L.R.4th 975 (1984).

■ ■ Moreover, it is well established that "individual instructions may not be singled out for consideration with-out reference to the entire set of instructions which were given". *Nelson v. Mueller*, 85 Wn.2d 234, 238, 533 P.2d 383 (1975). Here, the court also instructed the jury it should consider as elements of Mr. Ramirez' damages:

> The disability and loss of enjoyment of life experienced and with reasonable probability to be experienced in the future.
> The pain and suffering, both mental and physical, exper-ienced and with reasonable probability to be experienced in the future.
>
> . . . .
> In determining an award of damages, the law requires a reasonable basis for your computation. With reference to these matters you must be governed by your own judgment, by the evidence in the case and by these instructions. Your decision can not be made on the basis of speculation, guess, or conjec-ture.

734

When the life expectancy instruction is read in conjunction with the foregoing, it is clear there was no direction to the jury to award damages for the rest of Mr. Ramirez' life. Rather, the instruction simply provided additional information to gauge the amount of Mr. Ramirez' future damages.

■ Mr. and Mrs. Ramirez assert Ms. Dimond's appeal is frivolous and ask this court to impose sanctions pursuant to RAP 18.9. An appeal is frivolous if, considering the entire record and resolving all doubts in favor of the appellant, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that it is so devoid of merit that there is no possibility of reversal. *Boyles v. Department of Retirement Sys.*, 105 Wn.2d 499, 506-07, 716 P.2d 869 (1986). While we have rejected Ms. Dimond's argument, we do not believe the argument was frivolous, as that term is defined above. We therefore deny Mr. and Mrs. Ramirez' request for sanctions.

Affirmed.

SWEENEY, J., and SHIELDS, J. Pro Tem., concur.