[No. 44432-8-I. Division One. November 6, 2000.]

*In the Matter of the Marriage of* WILLIAM L. TRUE, *Respondent,* and PENELOPE J. TRUE, *Appellant.*

---

[27] *Petersen,* 138 Wn.2d at 90.

[28] RCW 2.06.040.

292

*Douglass A. North* and *Michael T. Schein* (of *Maltman, Reed, North, Ahrens & Malnati, P.S.*), for appellant.

*Cynthia B. Whitaker* and *Patricia S. Novotny*, for respondent.

GROSSE, J. — Penelope True's request for discovery of William True's 10-year-old mental health records is moot. There is no current issue pending between the parties necessitating discovery. In addition, the authorizations signed by the parties releasing their respective mental health information to the guardians ad litem specifically set forth that there would be no release to any party, their attorneys, or other third parties absent order of the court. Because both parties have a reasonable expectation of confidentiality and privilege in their communications to mental health counselors and physicians, even if not moot, absent a showing of relevance or particular need we will not hold that the trial court abused its discretion in denying the disclosure of questionably relevant and otherwise privileged mental health records.

Additionally, given the nature of the dispute and the terms of the modified agreed parenting plan, the trial court did not abuse its discretion in retaining jurisdiction for a specified period of time. The orders of the trial court are affirmed.

## FACTS

Since their divorce in 1993, William and Penelope True

have found themselves at considerable odds with one another on the subject of parenting their children. The initial parenting plan provided for residential custody with Penelope with specific residential time and other visitation provided for William. The plan provides that without prior approval of the other parent, neither could move with their children from King County.

Penelope considered moving with their two children to Santa Barbara, California. On May 22, 1998, she filed a minor modification petition to modify the parenting plan to allow her to move the children to California. William responded by filing a major modification petition to modify the parenting plan to change the children's primary residence to his home. Various cross-allegations were made between the parties. A guardian ad litem was appointed for each child. The guardians filed a 64-page joint report concluding at the time that Penelope should not be allowed to move to California with her children, and that William be granted additional time with his children. Penelope moved to strike the guardians' report as it was not particularly flattering to her. She also asked to copy the guardians' entire file on the matter. Her requests were denied.

Eventually, the case went to mediation. After much discussion and conflict resolution, a modified parenting plan was agreed to by the parties. The document was entitled "Parenting Plan Final Order," but the plan provided that although the parties agreed to enter the final parenting plan, they would do so without findings of fact and further reserved the issues contained in the restrictions paragraphs until any review of the parenting plan took place. Each party reserved all arguments regarding facts, procedures, and law and did not waive any argument by entering the agreed plan. According to the plan, if either parent sought review of the plan, all issues were to be decided by agreement or court order no later than June 30, 2000, or the parties would agree on an expedited trial date. In other words, the plan is really a temporary peaceful coexistence plan even though Penelope characterizes it as a final plan.

After the plan was signed by the parties, counsel for William brought two motions. One was to have the trial court, which approved entry of the plan, retain jurisdiction over the case until August 2000, a date just past the last review date by which parts of the plan would take effect. Penelope objected, indicating that she should be able to go to a new judge to resolve her case. The second motion was to prevent disclosure to Penelope of William's 10-year-old counseling records possessed by the guardians ad litem, as no longer being relevant, or as privileged.

The trial court agreed with William and on March 4, 1999, ordered that specific counseling records of William be kept confidential and not distributed to either party, and that the court retain ongoing jurisdiction of the case through August 2000. From these orders, Penelope appeals.

## DISCUSSION

Disclosure of Mental Health Records:

■ Penelope argues the trial court abused its discretion in ordering nondisclosure of William's mental health records which are a part of the file of the guardians ad litem used in preparing their joint recommendation.[1] The burden rests on Penelope to establish that the order retaining the confidentiality of the records is manifestly unreasonable.

■ ■ Initially, we note that her discovery request is moot. There is nothing at issue for her to discover.[2] Even if not moot, Penelope's argument fails. She asserts these files

---

[1] A court's granting of a motion to keep certain mental health records confidential is reviewed for an abuse of discretion only. In *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971), the court stated:

Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.

[2] Contrary to the argument of Penelope's counsel, the order is not the "law of the case" with regard to the permanent nondisclosure of the records. Until such time as there is an issue on which the records may be pertinent, there is nothing for her to appeal from.

are no longer privileged due to the general disclosure to the guardians ad litem and specifically contends they are discoverable because state statute mandates disclosure to counsel. RCW 26.09.220(3) provides in part:

> The investigator shall make available to counsel and to any party not represented by counsel the investigator's file of underlying data and reports, complete texts of diagnostic reports made to the investigator pursuant to the provisions of subsection (2) of this section, and the names and addresses of all persons whom the investigator has consulted.

Penelope argues that while the parties have settled the instant parenting plan controversy, there is a likelihood of future disagreements between the parents over the next five years. Thus, she seeks William's mental health reports. The trial court denied her request and finding no abuse of discretion in its decision, we agree.

In the order appointing guardians ad litem, the parties authorized release of certain information but specifically retained the confidentiality of the underlying records therein. The authorization signed by William and Penelope allowing release of their respective mental health information to the guardians ad litem specifically indicated there would be no release to any party, their attorneys, or other third parties absent order of the court. The guardians were ordered to maintain the confidentiality of the privileged information and were ordered not to disclose any information obtained. Both parties have a reasonable expectation of confidentiality in their communications to their respective counselors and physicians. The report of the guardians contained no specific reference to the notes or reports sought. In fact, the specific sessions took place before the parties' marriage was dissolved and likely have no relevance to the proceeding here. Considering the status of the agreed parenting plan, Penelope has shown no relevance to her perceived need to have the 10-year-old reports of the physician and psychologist of her former husband disclosed. Absent proof of a compelling need or relevance, the statu-

tory privilege between counselor and patient, or physician and patient, prohibits the discovery of counseling records.[3] The trial court agreed and on this basis there was no abuse of discretion by the trial court in maintaining the confidentiality of the records.

Penelope also alleges that she is entitled to receive a copy of the entire files of the guardians ad litem under RCW 26.09.220(3). That statutory provision sets forth that in parenting arrangement disputes, the investigator (guardian ad litem) shall make available to counsel and to any party not represented by counsel the investigator's file with complete texts of diagnostic reports made to the investigator pursuant to subsection (2) of the same statute. But Penelope and counsel fail to properly read subsection (2) of the statute. The subsection clearly relates only to the children, and confers a right of access to the written records made pursuant to the examination of the children under the subsection. The statute does not grant access to the records of the former spouse. The trial court did not abuse its discretion in denying release of William's counseling records.

Ongoing Jurisdiction of the Trial Court:

Penelope claims the trial court abused its discretion in retaining ongoing jurisdiction of the case through August 2000 when the agreed modified parenting plan is final under its own terms. She specifically argues that the court's ruling deprives her of her statutory right to a change of judge. We disagree and find no abuse of the trial court's discretion.

Penelope seemingly is asserting that *any* review of a modification of a parenting plan should necessarily be deemed a new proceeding. She analogizes her situation to a case allowing the filing of an affidavit of prejudice against the judge who heard the parties' original dissolution trial on a later modification action.[4] In *State ex rel. Mauerman v.*

---

[3] CR 26(b)(1).

[4] *State ex rel. Mauerman v. Superior Court*, 44 Wn.2d 828, 271 P.2d 435 (1954).

*Superior Court*, 44 Wn.2d 828, 271 P.2d 435 (1954), it was held that in a proceeding to modify child custody provisions of a divorce decree on allegations of changed conditions since entry of the original decree, the proceeding is a new one presenting new facts occurring since the entry of the decree, and therefore a proceeding in which an affidavit of prejudice may be filed.

But the facts before us are quite different than those of *Mauerman*. Here, Penelope fails to recognize that a later possible attempt to seek review of the terms of the agreed to, and modified, parenting plan is not the same as seeking modification on new facts or changed conditions since entry of the original decree. Here the trial court maintained jurisdiction for a limited period of time regarding the modified parenting plan and custody provisions entered. The trial court has not prevented Penelope from filing a new modification action if the situation and facts so merit.

■ After having the parties before it in a contentious parenting plan hearing, back and forth from mediation, and after entering the order modifying the parenting plan, a trial court may retain jurisdiction over the matter for a limited period of time in order to review the efficacy of its decision and to maintain judicial economy following its order.[5] This is especially true where, as here, the finality of the plan by its own terms is open to review and review is likely to be sought and likely to occur. This case arose in the context of cross motions for modification. The court retained jurisdiction for the limited period of time in which the parties could seek review under the terms of the agreement. Nothing in the modification statute, RCW 26.09.170, precludes this sort of procedure. We find no abuse of discretion in the trial court's retaining jurisdiction for a specific and limited period of time.

The orders of the trial court are affirmed.

BECKER, A.C.J., and COX, J., concur.

[5] *In re Marriage of Ochsner*, 47 Wn. App. 520, 527, 736 P.2d 292 (1987).