129 P.3d 293 (2006)
131 Wash.App. 717
In the Matter of the MARRIAGE OF Gary Todd ADLER, Respondent, and
Maria das Gracas Adler, Appellant.
No. 55383-6-I.
Court of Appeals of Washington, Division 1.
February 27, 2006.
Grasa Barbosa, Meyrick-Aylmer Cortes, Attorney at Law, Seattle, WA, for Appellant.
Valerie Anne Bell, Bell Flegenheimer & Nance, Catherine Wright Smith, Valerie A. Villacin, Edwards Sieh Smith & Goodfriend, Seattle, WA, for Respondent.
APPELWICK, A.C.J.
¶ 1 Grasa Barbosa (formerly known as Maria das Graças Adler) appeals the trial court's denial of her motion to vacate the modified parenting plan under CR 60(b)(1) and (b)(11). Barbosa and Gary Adler dissolved *294 their marriage in 2001, and agreed to a parenting plan with a provision that either could request a review of the terms before the end of the year without a showing of a substantial change in circumstances. Adler requested review and the parties stipulated to adequate cause for a hearing. After the hearing, the trial court modified the parenting plan, giving Barbosa less decision-making authority than before. We hold that stipulations to adequate cause do not violate public policy, and the review provision at issue here is permissible under Washington case law. In addition, the restrictions on Barbosa's speech in the modified parenting plan are not error under CR 60(b)(11).

FACTS
¶ 2 Gary Adler (Adler) and Grasa Barbosa (formerly known as Maria das Graças Adler) married in 1988. During the marriage, Adler and Barbosa had two children together: a son, J.A., born in 1990; and a daughter, T.A., born in 1997.
¶ 3 In April 2000, Adler filed a petition for dissolution of marriage. In May 2001, the court entered a parenting plan. Adler and Barbosa agreed on the provisions of the parenting plan. The children were to spend equal time with each parent, with some of their time overlapping with each other. Dr. Stuart Greenberg, a forensic psychologist, recommended the schedule, and the parties agreed to it. With some exceptions, major decision-making authority for J.A. was vested with Adler, and authority for T.A. was vested with Barbosa. The final parenting plan also provided that "[a]t the request of either party by 12-31-01, as recommended by Dr. Stuart Greenberg, the residential schedule and decision[-]making provisions herein shall be subject to review without the statutorily required showing of a change in circumstances."
¶ 4 Adler instituted a review in accordance with the provision in the original parenting plan. Dr. Greenberg interviewed the parties, their children, and collateral persons. He also gave a battery of assessment tests to Adler and Barbosa. In his resulting report, Dr. Greenberg recommended that the children reside a majority of the time with Adler, and that Adler have sole decision-making authority.
¶ 5 As a result of these recommendations, Adler filed for a modification of the parenting plan in November 2002. In the order on adequate cause, the commissioner found that the parties had stipulated to adequate cause, and set the matter for a future hearing. The commissioner denied Adler's request for a temporary parenting plan because she found no showing that the current plan is detrimental to the children.
¶ 6 The trial occurred in October and November of 2003. In January 2004, the court issued its order. The court found that the plan should be modified because the parties had provided for a review of the residential provisions and the modification was in the best interests of the children. The court based this decision on a finding that the children's environment under the current plan was detrimental to them, and that the harm likely to be caused by a change in environment is outweighed by the advantage of the change. When holding that there was a substantial change in circumstance, the court found that the current residential schedule and Barbosa's decision-making power had engendered conflict between the parents. The court also noted the parties' agreement that the parenting plan was subject to review without the statutorily required showing of a change in circumstances.
¶ 7 The court modified the parenting plan, giving Barbosa less residential time with the children than before. Adler was given sole power to make major decisions regarding the children. The plan stated that Barbosa "shall refer all medical and educational professionals to [Adler] and defer to his decisions." The modified plan also restricted Barbosa's communication with medical and education personnel, requiring that she not be unnecessarily derogatory to Adler.
¶ 8 In November 2004, Barbosa filed a motion to correct some provisions of the modified plan. The trial court denied that motion. Barbosa simultaneously filed a motion for reconsideration of the denial, and a notice of appeal in the trial court. Then, in January 2005, Barbosa filed a motion to vacate *295 or correct the parenting plan on several grounds, including mistake, irregularity, fraud, newly discovered evidence, and an extraordinary reason justifying relief. The trial court denied Barbosa's motion. Barbosa amended her notice of appeal to incorporate this denial.

ANALYSIS

I. Adequate Cause Stipulation
¶ 9 Barbosa claims that the provision in the original parenting plan waiving the showing of a change in circumstances contravenes public policy and is therefore an extraordinary circumstance warranting vacation. She asserts that the waiver abrogated her children's rights, and that agreements in which parents bargain away their children's rights violate public policy. Barbosa also contends that the agreement in the original parenting plan to waive the statutory requirement of a substantial change in circumstances was an irregularity requiring vacation under CR 60(b)(1). Barbosa argues that the language of RCW 26.09.260 and .270 is mandatory, and a trial court must find those factors fulfilled in order to go forward on a modification hearing. Finally, she claims that the trial court's order setting the modification for trial after it specifically found that the original parenting plan was not detrimental to the children was an irregularity requiring vacation under CR 60(b)(1).

A. Public Policy and Children's Rights
¶ 10 Barbosa claims that the stipulation violates public policy in violation of CR 60(b)(11). Under CR 60(b)(11), a court can relieve a party from a final judgment, order, or proceeding for any other reason justifying relief from the operation of the judgment. CR 60(b)(11) has been used to vacate an agreement that violated public policy and was unenforceable. See In re the Marriage of Hammack, 114 Wash.App. 805, 810-11, 60 P.3d 663 (2003) (property settlement agreement that waived child support was unenforceable and trial court did not err in vacating the agreement under CR 60(b)(11)).
¶ 11 Modifications of parenting plans are governed by RCW 26.09.260 and .270. Courts have interpreted RCW 26.09.260 to mean that a modification is permissible only when there is sufficient evidence to support a finding that: "(1) there has been a change in circumstances, (2) the best interests of the child will be served, (3) the present environment is detrimental to the child's well-being, and (4) the harm caused by the change is outweighed by the advantage of the change." George v. Helliar, 62 Wash.App. 378, 383, 814 P.2d 238 (1991). In order to obtain a full fact-finding hearing on the issue of modification of a parenting plan, a party must submit with his or her motion an affidavit listing facts supporting the requested modification. RCW 26.09.270. The court must deny the motion unless it finds that the affidavits establish adequate cause for hearing the motion. RCW 26.09.270.
¶ 12 Barbosa is incorrect that the stipulation violates public policy. The primary purpose of the threshold adequate cause requirement is to prevent movants from harassing non-movants by obtaining a useless hearing. See In re the Marriage of Lemke, 120 Wash.App. 536, 540, 85 P.3d 966, rev. denied 152 Wash.2d 1025, 101 P.3d 421 (2004). If the party protected by the threshold requirement freely stipulates to adequate cause, this concern is not present. The parents may waive the threshold determination. The best interests of the children remain protected by the standards in RCW 26.09.260 as applied by the court in the modification proceeding.

B. Irregularity
¶ 13 Barbosa is also incorrect that the original stipulation was an irregularity under CR 60(b)(1). CR 60(b)(1) allows a court to relieve a party from a final judgment, order, or proceeding on grounds of mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order. "Irregularities pursuant to CR 60(b)(1) occur when there is a failure to adhere to some prescribed rule or mode of proceeding, such as when a procedural matter that is necessary for the orderly conduct of trial is omitted or done at an unseasonable time or in an improper manner." Mosbrucker v. Greenfield Implement, Inc., 54 Wash.App. 647, 652, 774 P.2d 1267 (1989).
*296 ¶ 14 But there was no failure to adhere to a prescribed rule or mode of proceeding. The provision in the original parenting plan was essentially a contingency that left the terms of the plan open to review by either party within a certain period of time. At the time the original plan was entered, the parties contemplated that a review might be necessary, to see if the plan was working. Two Washington cases show that this sort of provision is permissible.
¶ 15 At the time of dissolution in In re the Marriage of Possinger, 105 Wash.App. 326, 329-30, 19 P.3d 1109 (2001), the trial court adopted the father's parenting plan but provided for a review after one year. At the end of the year, the trial court "modified" the residential provisions of the parenting plan without applying the standards in RCW 26.09.260; instead, the trial court applied the criteria in RCW 26.09.187. Possinger, 105 Wash.App. at 331, 19 P.3d 1109. The reviewing court held that
the trial court is not precluded by the Parenting Act from exercising its traditional equitable power derived from common law to defer permanent decision making with respect to parenting issues for a specified period of time following entry of the decree of dissolution of marriage.
Possinger, 105 Wash.App. at 336-37, 19 P.3d 1109.
¶ 16 Possinger establishes that at the time of dissolution the trial court has the authority to build in a review of the terms of the parenting plan, and that it is irrelevant whether the plan is labeled as temporary or permanent. Possinger also establishes that in such a review the court may properly apply the criteria in RCW 26.09.187 rather than treating the review as a modification. Possinger, 105 Wash.App. at 337, 19 P.3d 1109.
¶ 17 Here, it appears that the parties and the trial court contemplated that the review would occur not under the criteria of RCW 26.09.187, but under the criteria of RCW 26.09.260. This is because the original order refers to and eliminates the threshold requirement of a substantial change in circumstances. We see no reason to hold that a trial court, which can build in a review and modify a parenting plan under RCW 26.09.187, cannot also build in a review and modify a parenting plan under the more restrictive criteria of RCW 26.09.260. The choice to review and the choice between RCW 26.09.187 and RCW 26.09.260 as the standards of review are both within the court's broad equitable power to protect the best interests of the child.
¶ 18 In re the Marriage of True, 104 Wash. App. 291, 16 P.3d 646 (2000), involved a similar provision. In True, both parties agreed to a modified parenting plan that the appellate court characterized as a "temporary peaceful coexistence plan" because many of the issues were reserved and if either parent sought review of the plan, all issues were to be decided by a set date. True, 104 Wash.App. at 294, 16 P.3d 646. After the parties signed the plan, the father requested that the trial court retain jurisdiction over the case for several months beyond the date the issues were set to be decided, and the trial court agreed. True, 104 Wash. App. at 295, 16 P.3d 646. The mother objected, but the appellate court upheld the retention of jurisdiction. In this context, the court held that "a trial court may retain jurisdiction over the matter for a limited period of time in order to review the efficacy of its decision and to maintain judicial economy following its order," especially where the plan provided for review and review was likely to occur. True, 104 Wash.App. at 298, 16 P.3d 646. True makes clear that a reservation of review is different from a modification, is not based on changed circumstances, and need not be subjected to a threshold determination.
¶ 19 Barbosa attempts to distinguish True and Possinger on the basis that in those cases, the parenting plans were temporary, but here, the parenting plan was permanent. She is incorrect. The parenting plan here specifically included a provision for review and was final if the provision was not invoked  in that sense, it is more similar to the plans in True and Possinger. Further, Possinger establishes that the characterization of a plan as temporary or permanent with review built in is irrelevant, given the trial court's authority to fashion an appropriate *297 remedy. Possinger, 105 Wash.App. at 337, 19 P.3d 1109.
¶ 20 The stipulation to review contained in the decree was not an irregularity. The decree was not appealed and became a final order. The decree bound the parties to stipulate to the waiver of a threshold showing in the subsequent review, which was to use the modification standard of review. The parties properly stipulated and the trial court properly accepted the stipulation.

C. No Showing of Detriment
¶ 21 Barbosa also contends that the trial court erred in allowing the modification to go to trial when it found that there was no showing that the current plan was detrimental to the children. Essentially, she claims that if the trial court found there was no detriment for the purposes of denying Adler his request for a temporary order, it was error to go forward with the modification hearing. But a temporary order is discretionary. See Bower v. Reich, 89 Wash.App. 9, 19-20, 964 P.2d 359 (1997). Further, a temporary order is not a prerequisite to setting a trial date for modification. The inference Barbosa seeks to draw from the trial court's failure to enter a temporary parenting plan is not reasonable. The trial court was not required to find that the current plan was detrimental to the children at this stage in the proceedings in this case because the parties had stipulated to adequate cause. There was no irregularity.

II. Speech Restrictions
¶ 22 Barbosa claims that the modified parenting plan contains restrictions on her right to free speech that are overbroad and are a prior restraint. She points to the restrictions on her speech to medical and education professionals, and contends that these restrictions constitute an extraordinary circumstance warranting vacation under CR 60(b)(11). Adler asserts that Barbosa did not raise this issue before the trial court except in a motion for reconsideration that was abandoned, and so we should not consider the claim. Barbosa contends that the trial transcript reflects that she implicitly objected to the restrictions in an exchange with the trial court. In any event, she claims, the speech restrictions are manifest errors affecting her constitutional rights, so we may hear them for the first time on appeal.
¶ 23 Under the modified plan, Barbosa
may communicate with medical and education personnel only by e-mail with copy sent to [Adler] contemporaneously ... [Barbosa] is to have the ability to communicate with such personnel to provide information to them and remain informed so long as she does not do so in a manner that is unnecessarily derogatory to [Adler] and therefore impacts his parenting and relationship with such personnel.
¶ 24 The language defining the manner as not unnecessarily derogatory was initially proposed by Barbosa's counsel.
¶ 25 Even if we assume that the record is adequate to allow consideration of Barbosa's claim, she has not demonstrated that the restrictions on her speech in the parenting plan are an extraordinary circumstance justifying relief. CR 60(b)(11) should be reserved for circumstances relating to irregularities extraneous to the court's actions, or issues pertaining to the regularity of the court's proceedings. In re the Marriage of Furrow, 115 Wash.App. 661, 673-74, 63 P.3d 821 (2003). Trial courts have broad discretion to fashion parenting plans. In re the Marriage of Luckey, 73 Wash.App. 201, 208, 868 P.2d 189 (1994). The speech restrictions exist to protect Adler's authority and ability to parent. Thus, they are not irregularities extraneous to the court's actions. Nor do the speech restrictions pertain to the regularity of the court's proceedings, as courts have discretion to create appropriate parenting plans.
¶ 26 Further, errors of law cannot be addressed by a CR 60 motion. In re the Marriage of Thurston, 92 Wash.App. 494, 499, 963 P.2d 947 (1998). CR 60(b) "is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen." Kern v. Kern, 28 Wash.2d 617, 619, 183 P.2d 811 (1947) (quoting 1 Black on Judgments (2d ed.) 506, § 329). Barbosa wishes us to review the legal correctness of *298 the speech restrictions ordered by the court. This is impermissible under CR 60(b).

III. Attorney Fees
¶ 27 Adler requests his fees on appeal under RCW 26.09.140 based on his need and Barbosa's ability to pay. He also requests fees under RAP 18.9(a) based on the alleged lack of merit of Barbosa's appeal.
¶ 28 Barbosa's appeal is not so frivolous as to warrant sanctions under RAP 18.9(a). An appeal is frivolous if "the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that it is so devoid of merit that there is no possibility of reversal." Ramirez v. Dimond, 70 Wash.App. 729, 734, 855 P.2d 338 (1993). Barbosa raised some debatable issues and her claim is not devoid of merit.
¶ 29 However, if the parties' affidavits demonstrate Adler's need and Barbosa's ability to pay, the commissioner may award an appropriate amount of attorney fees on appeal. See RCW 26.09.140.
¶ 30 We affirm.
WE CONCUR: ELLINGTON, J., and COX, C.J.