IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parentage of | ) | No. 40922-8-III |
| | ) | |
| E.C.S.-W. [†] | ) | |
| | ) | UNPUBLISHED OPINION |

HILL, J. — The Spokane County Superior Court entered a parenting plan between Reginnah Wleh and Timothy Sauvageau regarding their child, E.C.S.-W. The parenting plan placed restrictions on Wleh and established three phases in which she could gain more residential time with her daughter.

Wleh eventually filed a petition to modify the parenting plan alleging that she had met the requirements to transition into phase 3. She argued the trial court retained jurisdiction over the parenting plan and therefore she did not need to show adequate cause to support a change in the residential schedule. Alternatively, she filed a motion

---

[†] To protect the privacy interests of E.C.S.-W., we use their initials throughout this opinion. Gen. Order for Court of Appeals, *In re Changes to Case Title* (Wash. Ct. App. Aug. 22, 2018) (effective Sept. 1, 2018) http://www.courts.wa.gov/appellate_trial_courts.

for adequate cause, arguing there was a change in circumstances because she improved as a parent and E.C.S.-W. had a new sibling in Wleh's home.

The trial court ruled that it had not retained jurisdiction and that Wleh failed to demonstrate adequate cause to modify the plan. The court also imposed sanctions on Wleh for bringing the motion. Wleh appeals, arguing that she was not required to demonstrate a substantial change in circumstances and was instead required only to meet the criteria in the parenting plan before filing the petition. She also challenges the sanctions. We affirm.

BACKGROUND

*The Parenting Plan*

In November 2022, the Spokane County Superior Court entered a parenting plan between Wleh and Sauvageau regarding their child, E.C.S.-W. The parenting plan placed restrictions and conditions on Wleh's residential time based on findings of child abuse, emotional problems, and abusive use of conflict.

As to visitation, the parenting plan created three phases in which Wleh could earn a "more normalized schedule" with E.C.S.-W. Clerk's Papers (CP) at 128. During phase 1, Wleh was entitled to two overnights per week, with Sauvageau having the remaining time. The plan required phase 1 to continue "until the psychological evaluation is completed [and] there have been six months of ongoing treatment as

recommended by the evaluation." CP at 128. Phase 2 would begin automatically after

Wleh completed the evaluation and completed six months of treatment. After six months

of phase 2, the court provided the parties with the following options:

> After 6 months of phase 2, the parties can either attend mediation or Reginnal [sic] *Wleh may petition the Court for more time*, again with the goal being that once Ms. Wleh has addressed the issues as identified by the Court, and has a plan of not engaging in the type of behavior that have led to the restrictions and doesn't engage in that type of behavior in the future, that this would be *a more normalized schedule for* [*E.C.S.-W.*].

CP at 128.

In January 2024, the trial court entered an order finding Wleh was entitled to move

to phase 2. Six months later—and over a year and a half after the court entered the

parenting plan—Wleh filed a petition to modify. She argued that the trial court retained

jurisdiction over the matter and requested E.C.S.-W be primarily placed with her or, at

the least, 50 percent of the time.

In the alternative, Wleh also filed a motion for adequate cause, requesting

additional time as either a major or minor modification. Wleh argued that the December

2022 plan allowed for a "normalized" schedule after phase 2, which she interpreted to

mean that the parties would return to the pretrial schedule where she was the primary

placement for E.C.S.-W. CP at 4. Wleh stated she had the strongest bond with the child,

and it was detrimental for E.C.S.-W. not to live with Wleh at least half of the time.

3

Under the minor modification, Wleh requested additional time with E.C.S.-W., claiming the problems causing the limitations in the parenting plan had changed substantially.

In response, Sauvageau filed a declaration arguing nothing in his life or the child's life had changed significantly, and the circumstances did not warrant a change in the parenting plan. He also claimed that significant concerns remained as to Wleh's ability to parent.

After a hearing, the court found that it did not retain jurisdiction over the original plan and clarified that its use of the word "normalized" in the original plan did not mean the plan would automatically convert to a 50/50 residential split if Wleh complied with the conditions. CP at 94. As a result, the court reviewed Wleh's arguments using the standards for major and minor modifications under RCW 26.09.260. The court denied Wleh's motion for a major modification because Wleh's argument that it would be detrimental for the child not to spend half of her time with her mother was not a substantial change in circumstances. The court denied the minor modification request because the 50/50 residential proposal was too significant to constitute a minor modification. Furthermore, the court found Wleh's improvement as a parent was not sufficient to demonstrate that a change in the parenting plan was in the child's best interest.

The court entered an order denying adequate cause to hold a hearing on the petition to change the parenting plan. The court also ordered Wleh to pay $750 in sanctions and $1,000 in attorney fees because the motion for adequate cause was not based in law or fact. Wleh filed a motion for reconsideration, which the court denied for purposes relevant to this appeal.

Wleh appeals.

## ANALYSIS

*Standard of Review*

We review a trial court's rulings related to the provisions of a parenting plan for abuse of discretion. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). We also review a trial court's decision to retain jurisdiction for abuse of discretion. *In re Marriage of Rounds*, 4 Wn. App. 2d 801, 804, 423 P.3d 895 (2018). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *Littlefield*, 133 Wn.2d at 46-47. A trial court's interpretation of the provisions of a parenting plan is reviewed de novo. *In re Parentage of Smith-Bartlett*, 95 Wn. App. 633, 636, 976 P.2d 173 (1999).

*Retained Jurisdiction*

Wleh contends that the plain language of the parenting plan allowed her to petition the court for more residential time after completing certain milestones. Having done so,

she argues she was not required to meet the threshold requirements for major and minor

modifications under RCW 26.09.260. She contends the trial court erred when it held it

did not retain jurisdiction to transition the parenting plan into phase 3. We disagree.

When seeking a modification of a parenting plan, the trial court shall deny any

motion unless the party presents adequate cause for a full hearing. RCW 26.09.270.

Under RCW 26.09.260(5), the trial court is authorized to modify the residential schedule

in a parenting plan if the moving party meets the threshold showing of a substantial

change in the circumstances of either the parents or the child. The requirements for a

minor modification are less stringent but still require a substantial change in

circumstances and only when the requested modification does not change the residence in

which the child resides a majority of the time. RCW 26.09.260(5); *In re Marriage of*

*Tomsovic*, 118 Wn. App. 96, 105-06, 74 P.3d 692 (2003). A parent whose child does not

reside with them for a majority of the time and is subject to limitations under

RCW 26.09.191 must demonstrate a substantial change in circumstances related to the basis

for those limitations when seeking an expansion of residential time. RCW 26.09.26(7).

Trial courts are authorized to defer permanent decision-making of a parenting plan

for a specific period of time in order to protect the best interest of the child. *Rounds*, 4

Wn. App. 2d at 805. "[D]elaying finality may be a tenable exercise of discretion, so

long as the delay is not indefinite and the best interests of the child are served by waiting

6

to see if a particular residential schedule works out as anticipated before making it final."
*Id.* at 806.

On appeal, Wleh no longer advocates for the existence of a substantial change in circumstances. Instead, she argues the trial court retained jurisdiction over the residential provisions of the parenting plan, removing the need for her to show adequate cause. Specifically, she argues the plan clearly describes the requirements to transition to phase 3, and the trial court erred in finding it did not retain jurisdiction to order the transition.

In support of her claim, Wleh cites *In re Parentage of C.M.F.* 179 Wn.2d 411, 314 P.3d 1109 (2013). There, the Washington Supreme Court reviewed a residential provision in a custody decree allowing either party to move to establish a residential schedule at a later date without the need to establish adequate cause or modification requirements. *Id.* at 425. In that case, our state Supreme Court concluded that the trial court improperly attempted to reserve jurisdiction to create a residential schedule because the term for review was open-ended. *Id.* at 427. The court reasoned that the trial court's decision was contrary to the policy within RCW 26.09.002, allowing the noncustodial parent to bring a motion at any time and disrupt the stability of the child's living arrangements. *Id.*

The *C.M.F.* court relied on multiple other decisions that bear relevance to this matter. In *In re Marriage of Adler*, 131 Wn. App. 717, 720-21, 129 P.3d 293 (2006), the parties agreed to a parenting plan allowing either party, within approximately seven months of the entry of the parenting plan, to seek review of the residential schedule and decision-making provisions without the statutorily required showing of a change in circumstances. The court held that this stipulation did not violate public policy because (1) the purpose of the adequate cause requirement is to prevent movants from harassing nonmovants with useless hearings, and the stipulation to adequate cause disposes of this concern, and (2) the best interests of the children are still protected under RCW 26.09.260. *Id.* at 724.

In *In re Marriage of True*, 104 Wn. App. 291, 294, 16 P.3d 646 (2000), the parties entered into a temporary plan that allowed either party to seek review of the provisions and to have all issues decided by a specific date. The trial court subsequently granted a party's motion for the court to retain jurisdiction over the matter for approximately two months after the above deadline. *Id.* at 295. Division One of this court held this was a valid exercise of the trial court's discretion to retain jurisdiction because the trial court limited its retention for a limited period of time. *Id.* at 298.

Here, Wleh argues, but fails to demonstrate, that the trial court retained jurisdiction to modify the parenting plan without requiring her to show a substantial

change in circumstances. The trial court included the following language in the parenting

plan regarding the transition from phase 2 to phase 3:

> After 6 months of phase 2, the parties can either attend mediation or
> Reginnal [sic] Wleh may petition the Court for more time, again with the
> goal being that once Ms. Wleh has addressed the issues as identified by the
> Court, and has a plan of not engaging in the type of behavior that have led
> to the restrictions and doesn't engage in that type of behavior in the future,
> that this would be a more normalized schedule for [E.C.S.-W.].

CP at 128.

We agree with the trial court. This language did not authorize Wleh to avoid the

statutory requirements for modification and adequate cause. Unlike *Adler*, the parenting

plan lacks any language explicitly relieving Wleh of the requirement to demonstrate

adequate cause. *Adler*, 131 Wn. App. at 721. Even if the trial court intended to retain

jurisdiction as Wleh suggests, such a decision would have been improper. The language

of the phase 3 provision failed to establish a specific time frame in which Wleh could

seek more residential time without the need to establish adequate cause. As demonstrated

above, trial courts must limit their retention of jurisdiction to a specific date. Adopting

Wleh's interpretation of this provision would essentially allow her to petition the court

for an expansion of time at any point, running contrary to the policy considerations in

*C.M.F.* 179 Wn.2d at 427.

9

In a somewhat novel argument, Wleh contends that the trial court's interpretation of the parenting plan amounted to a modification without adequate cause. *See In re Marriage of Grigsby*, 112 Wn. App. 1, 15-16, 57 P.3d 1166 (2002). We disagree. The trial court did not modify the parenting plan; rather, it clarified its meaning and enforced it as written.

*Sanctions*

The trial court sanctioned Wleh for filing a petition that was not based in law or fact. CR 11 allows the trial court to sanction a party whose claim is not grounded in law or fact. *Biggs v. Vail*, 124 Wn.2d 193, 201, 876 P.2d 448 (1994). We review a trial court's imposition of sanctions under CR 11 for abuse of discretion. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993).

Wleh argued that there was a substantial change in circumstances because she improved as a parent and her child has a new sibling. The trial court properly held that this was not a substantial change of circumstances and that Wleh's request for a 50/50 parenting split was not a minor modification. Wleh fails to demonstrate that her arguments were based in law or fact or that the trial court abused its discretion by awarding sanctions.

10

No. 40922-8-III
*In the Matter of the Parentage of E.C.S.-W.*

*Fees*

RCW 26.09.140 permits this court to order a party to pay reasonable attorney fees and costs after considering the financial resources of both parties. Wleh requests reasonable attorney fees for this appeal based on her inability to pay. We reject Wleh's request for fees because she fails to present a meritorious argument. *See In re Marriage of Leslie*, 90 Wn. App. 796, 807, 954 P.2d 330 (1998).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Hill, J.

WE CONCUR:

Staab, .C.J.                                          Cooney, J.

11