[No. 13494-6-III.    Division Three.    February 7, 1995.]

*In the Matter of the Marriage of* TERRANCE L.
SHRYOCK, *Appellant, and* PAULA J. SHRYOCK,
*Respondent.*

*Douglas D. Lambarth*, for appellant.

*Anna K. Nordtvedt*, for respondent.

SCHULTHEIS, J. — Terrance Shryock petitioned the court for modification of the parenting plan that placed his son Daniel with Paula Shryock when the couple divorced. The court denied the petition, but made two modifications requested by Ms. Shryock. On appeal, Mr. Shryock contends: (1) his petition for a change in primary placement should have been granted because the child was integrated into his home with Ms. Shryock's consent, and (2) the court's modification of the parenting plan in favor of Ms. Shryock was inconsistent with its finding that modification was not justified. We affirm the denial of Mr. Shryock's petition and vacate the modified parenting plan.

Terrance and Paula Shryock married on May 29, 1982, and had a son, Daniel, on July 8, 1982. Ms. Shryock left home with Daniel in July 1991, but then returned Daniel to Mr. Shryock in November 1991. After that, Daniel stayed with his father on weekdays and his mother on weekends. Ms. Shryock petitioned for dissolution and the marriage was dissolved in Lincoln County Superior Court on June 29, 1992. The final parenting plan filed with the decree of dissolution designated the mother as custodian, but placed Daniel with his father from 8 a.m. Wednesdays until 8 a.m. Thursdays, and from 8 a.m. Fridays until 6 p.m. Saturdays, divided the holidays and vacations evenly, and provided for joint decisionmaking. The parenting plan and dissolution decree were not contested by Mr. Shryock.

On December 3, 1992, Mr. Shryock petitioned for modification of the parenting plan based upon a substantial change of circumstances. He alleged Daniel had been integrated into his family with Ms. Shryock's consent in substantial deviation from the original decree/plan. Ms. Shryock denied Daniel had been integrated into his father's home and contended any excess time he spent there was without her consent. In February 1993 she proposed a parenting plan imposing

restrictions on Mr. Shryock based on predecree instances of domestic violence, neglect of parenting functions, drug use, absence or impairment of emotional ties between Daniel and his father, and the abusive use of conflict to the child's detriment. Ms. Shryock requested primary placement with her, together with sole decision-making authority. She proposed placing Daniel with his father on alternating weekends and equally dividing vacations and holidays.

The court heard the matter in July 1993. After 3 days of testimony from the parties and their witnesses, including the guardian ad litem (GAL), the court interviewed Daniel. The court then rendered its oral decision. Because the dissolution decree and final parenting plan were uncontested, without a hearing before a judge, the court considered predecree as well as postdecree facts in making its decision. The court found Daniel was not integrated into his father's household with his mother's consent. Even though Daniel expressed a preference for living with his father, the court placed him primarily with his mother, as the GAL recommended. Given Mr. Shryock's past refusals to return Daniel when his visitation was over, and his disparagement of Ms. Shryock in front of Daniel, the court concluded Ms. Shryock would be more willing to promote, encourage and facilitate Daniel's relationship with his father than vice versa. With few changes, the court adopted Ms. Shryock's proposed parenting plan.

We first consider whether the court abused its discretion by denying Mr. Shryock's petition for a change in residential placement. We conclude that it did not.

Trial courts are given broad discretion in matters dealing with the welfare of children. *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993); *In re Marriage of Kovacs*, 121 Wn.2d 795, 801, 854 P.2d 629 (1993); *In re Marriage of Cabalquinto*, 100 Wn.2d 325, 327-28, 669 P.2d 886 (1983). Custodial changes are viewed as highly disruptive to children, and there is a strong presumption in favor of custodial continuity and against modification. *McDole*, at 610.

■ RCW 26.09.260 provides, in pertinent part:

(1) Except as otherwise provided in subsection (4) of this section, the court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child.

(2) In applying these standards, the court shall retain the residential schedule established by the decree or parenting plan unless:

. . . .

(b) The child has been integrated into the family of the petitioner with the consent of the other parent in substantial deviation from the parenting plan;

The party seeking a custody modification must demonstrate that a substantial change in circumstances has occurred that requires a modification to protect the best interests of the child. *George v. Helliar*, 62 Wn. App. 378, 382, 814 P.2d 238 (1991).

The court here found that Daniel was not integrated into his father's home with his mother's permission. That finding is supported by the evidence. First, Mr. Shryock acknowledged Daniel was staying with him during the week and with Ms. Shryock on weekends. Although that arrangement was different from the parenting plan, it does not alone establish integration into Mr. Shryock's home. Second, there is substantial evidence that Ms. Shryock did not consent to the continued deviation from the parenting plan, that it was originally a temporary arrangement which worked to the advantage of all three while she relocated herself in a new residence. After she settled into her new apartment, she tried numerous times to have Daniel returned to her primary care, but Mr. Shryock refused her requests.

We next consider whether the court abused its discretion by modifying the original parenting plan after finding there were no statutory reasons justifying modification. We conclude that it did.

██ Procedures relating to the modification of a prior custody decree or parenting plan are statutorily prescribed and compliance with the criteria set forth in RCW 26.09.260 is mandatory. *In re Marriage of Stern*, 57 Wn. App. 707, 711, 789 P.2d 807, *review denied*, 115 Wn.2d 1013 (1990). Failure by the trial court to make findings that reflect the application of each relevant factor is error. *Stern*. That was not the problem here. Indeed, the court specifically found the parenting plan "should not be modified" because none of the statutory reasons for modification set forth in RCW 26.09.260 applied in this case. Despite its finding, the court then modified the plan in two significant respects: it substantially reduced Mr. Shryock's residential time with Daniel and it granted Ms. Shryock sole decision-making authority.[1] The court lacked authority to make those changes. *See Stern*.

We affirm the denial of Mr. Shryock's modification petition and vacate the modified permanent parenting plan entered by the court.

THOMPSON, C.J., and SWEENEY, J., concur.

---

[1]Ms. Shryock was required by RCW 26.09.181(1)(b) to submit a proposed permanent parenting plan with her response to the petition for modification. Had Mr. Shryock failed to file a plan with his petition, as he was required to do, she could have moved for an order of default adopting her plan. RCW 26.09.181(1)(d). Or she could have cross-petitioned for modification. The court could then have denied Mr. Shryock's petition and granted hers, assuming it found she established a sufficient statutory basis for modification. The court apparently thought it had authority to simply modify the plan because it was uncontested when originally filed. While it is true that the court could consider events and circumstances that existed before the decree and parenting plan were entered (because the plan was uncontested), it was still required to find a substantial change in the circumstances of Daniel or the parties, and that modification is necessary to serve Daniel's best interests, before it could modify the original plan in favor of Ms. Shryock. RCW 26.09.260(1); *In re Marriage of Timmons*, 94 Wn.2d 594, 597-99, 617 P.2d 1032 (1980).