Brown, J.
April D. Kimpel moved for a minor parenting plan modification under RCW 26.09.260 to adjust a fairly even split of residential time with her former husband, Gregory Kimpel. Although the six-year-old decree had designated Ms. Kimpel as the custodial parent for purposes of RCW 26.09.285, Mr. Kimpel pointed out that mathematically he received slightly more time with the children than did Ms. Kimpel under the original and proposed adjusted plans. Mr. Kimpel asked the court to designate him custodial parent because RCW 26.09.285 requires the superior court to designate as custodian the parent with whom the child resides the majority of the time. The trial court refused, reasoning the residential time was essentially a 50-50 split, and to change the designation would effect a major modification. He appealed.
The custodial parent designation under RCW 26-.09.285 is “solely for the purposes of all other state and federal statutes which require a designation or determination of custody.” We hold that in an intended 50-50 residential time split situation, exact mathematical precision is not determinative under RCW 26.09.285. Although the parties disputed whether a 50-50 split was intended and whether Ms. Kimpel was mistakenly designated the custodial parent for purposes of RCW 26.09.285, the trial court, exercising discretion, resolved these matters in favor of Ms. Kimpel. The record supports the trial court’s decision. We affirm.
FACTS
The parties’ underlying decree and parenting plan were entered in July 1996. The plan provided for the couple’s two children to reside with the mother, except from Thursday at 5:30 p.m. to Monday at 12:00 p.m. It specified that the children resided the majority of time with the mother and designated her as the children’s custodian. In fact, the parenting plan schedule placed the children with Gregory Kimpel slightly more than one-half of the time each week.
*724 In November 2000, Ms. Kimpel moved for a minor modification to adjust the July 1996 plan. Under RCW 26-.09.260(5):
The court may order adjustments to the residential aspects of a parenting plan upon a showing of a substantial change in circumstances of either parent or of the child, and without consideration of the factors set forth in subsection (2) [inapplicable here] of this section, if the proposed modification is only a minor modification in the residential schedule that does not change the residence the child is scheduled to reside in the majority of the time and:
(b) Is based on ... an involuntary change in work schedule by a parent which makes the residential schedule in the parenting plan impractical to follow ....
(Emphasis added.)
As grounds for modification, Ms. Kimpel’s petition alleged “[t]he mother’s work schedule has changed and the current parenting plan is unstable because the children are bounced around to three different homes during the course of a school week. This schedule has caused numerous problems with keeping the children organized with school.” Clerk’s Papers (CP) at 39.
While the proposed amendment was not hotly contested, Mr. Rumpel argued, “in the original parenting plan entered on July 25, 1996, the ‘custodial provision’ under Paragraph 3.12 incorrectly designates the mother as the parent with whom the children reside the majority of time. In fact, the time awarded in that plan places the children the majority of the time with the father.” CP at 173.
Ms. Kimpel replied “[t]here was no mistake in naming myself as the custodial parent in the original parenting plan. It was always intended, and agreed to, that I would be designated the custodial parent, which is fully supported by the Order of Child Support. QT]he order of child support provides a deviation to the Respondent for time with our children).” CP at 189.
*725 The parties’ amended plan now provides:
(a) The children shall reside with the mother from the first Saturday of each month at 7:00 p.m. to the next Tuesday at 8:00 a.m. at which time the children shall he delivered to the father;
(b) The children shall then reside with the father from that Tuesday at 8:00 a.m. to the next Saturday at 7:00 p.m. at which time the children shall be delivered to the mother;
(c) The children shall then reside with the mother that Saturday at 7:00 p.m., to the subsequent Wednesday at 8:00 a.m. at which time the children shall be delivered to the father; and
(d) The children shall then reside with the father from that Wednesday at 8:00 a.m. to the next Saturday at 7:00 p.m. at which time the children shall be delivered to the mother.
CP at 212.
The amended plan left unchanged the designation of Ms. Kimpel as custodian. The new plan provides, as did the original, that “[t]he children ... are scheduled to reside the majority of the time with the mother. This parent is designated the custodian of the children solely for the purposes of all other state and federal statutes which require a designation or determination of custody.” CP at 215. The new residential plan results in the children still living a slight majority of the time with the father — an extra 4 days per four-week period.
In rejecting Mr. Kimpel’s request to be designated the children’s custodian, the court reasoned: “[W]e have here... a 1996 parenting plan that [divided] the time . . . essentially 50 percent. . .. [I]f you count hours,... it may be a little skewed one way or the other, but [it’s] essentially a 50/50 plan. . . . Six years went by. Nobody said anything about it. . . . And then there is this action filed, which is designated all along... as a minor adjustment. ... I think the bottom line is you can’t do a major modification through the back door by calling it an adjustment and counting hours. You just can’t get there from here.” Report of Proceedings at 20-21.
Mr. Kimpel appealed.
*726 ANALYSIS
A. Designation of Custodian
The issue is whether, in a minor modification of a parenting plan under RCW 26.09.260, the trial court erred in refusing to change the designated custodial parent from Ms. Kimpel to Mr. Kimpel for purposes of RCW 26.09.285.
RCW 26.09.285 provides: “Solely for the purposes of all other state and federal statutes which require a designation or determination of custody, a parenting plan shall designate the parent with whom the child is scheduled to reside a majority of the time as the custodian of the child.... In the absence of such a designation, the parent with whom the child is scheduled to reside the majority of the time shall be deemed to be the custodian of the child for the purposes of such federal and state statutes.”[1]
Mr. Kimpel argues that designating him the custodian would merely correct the record to reflect where the children have lived a majority of the time and would not effect a major modification. During the preparation of this case, we asked the parties to brief the applicability of CR 60(a) to accomplish this result. We now conclude such an application is inapt because the parties disputed what their intent was in regard to the designation of custodian. Ms. Kimpel averred it was intended she be named custodian in a 50 percent split situation. The limited record is unclear whether the trial court resolved this factual dispute, but its ruling is consistent with a finding favoring Ms. Kimpel.
Given the limited context and thrust of this minor modification proceeding, the six-year status quo, the pau *727 city of the factual record on this collateral point, and the trial court’s broad discretion in this area, the trial court did not err in rejecting Mr. Kimpel’s request to designate him custodian for purposes of RCW 26.09.285. Although the record is skimpy regarding fact finding, the decision is consistent with a fact finding supporting Ms. Kimpel. In other words, if fact finding was accomplished, that finding is implicit in the trial court’s decision. Mr. Kimpel’s other arguments regarding the inconsistencies within the two parenting plans merely raise additional factual questions best left for trial court resolution, in a separate proceeding from this minor modification proceeding, if necessary.
B. Attorney Fees
Ms. Kimpel asks for attorney fees pursuant to RCW 26.09.140 and RAP 18.1. The cited statute authorizes the superior court and the court on appeal to order one party to pay the reasonable attorney fees of the other, based upon the parties’ financial resources. RAP 18.1 sets forth the procedure in this court for obtaining such an award. Ms. Kimpel has complied with RAP 18.1(b) by arguing for such fees in her brief. She has complied with RAP 18.1(c) by filing an affidavit of financial need at least 10 days before argument.
Ms. Kimpel asks for attorney fees pursuant to RCW 26.09.140 and RAP 18.1. However, RCW 26.09.140 authorizes the court to so order only if the party seeking payment of fees demonstrates financial need and the other party has the ability to pay. The parties’ affidavits do not establish either. Accordingly, Ms. Kimpel’s request is denied.
Affirmed.
Schultheis and Kurtz, JJ., concur.
After modification, further reconsideration denied December 2, 2004.

 The “state and federal statutes” likely referred to in RCW 26.09.285 include the Food Stamp Program, 7 U.S.C. § 2015; the Criminal Code (Kidnapping), 18 U.S.C. § 1204; federal regulations issued on Veterans’ Benefits, 38 C.F.R. §§ 3.24, 3.57, and 3.850; Social Security, 42 U.S.C. § 1396r-la; and Juvenile Justice and Delinquency Prevention — Missing Children, 42 U.S.C. § 5773 and § 5775. None are argued here.