[No. 29790-0-III.   Division Three.   September 18, 2012.]

## In the Matter of C.M.F.

JONATHAN FAIRFAX, *Respondent*, v. AMANDA SIMPSON,
*Appellant*.

*Gary R. Stenzel* (of *Gary R. Stenzel PS*), for appellant.

*Paul A. DiNenna Jr.* (of *Law Offices of Paul A. DiNenna Jr.*), for respondent.

¶1  SWEENEY, J. — RCW 26.09.270 requires that a parent seeking to change custody show adequate cause to warrant a full hearing on the petition. Here the court entered an order establishing parentage and, as part of that order, gave the mother custody "solely for the purpose of other state and federal statutes." The court established no residential or visitation schedule. We conclude that this initial order establishing parentage was not sufficient to trigger the necessity for the adequate cause hearing needed to proceed with a change of custody, and we affirm the judgment of the court that awarded custody to the father.

## FACTS

¶2  Amanda Simpson gave birth to C.M.F. on April 6, 2007. She requested state aid, and the State in turn filed a petition in Spokane County Superior Court to establish parentage. The petition named Jonathan Fairfax as the alleged father of C.M.F. Genetic testing later confirmed that Mr. Fairfax is C.M.F.'s biological father. The State moved for summary judgment. The court granted the motion and entered a judgment that declared Mr. Fairfax C.M.F.'s father. The court designated Ms. Simpson as the custodian "solely for the purpose of other state and federal statutes." Clerk's Papers (CP) at 63. The court ordered that "[e]ither parent may move the Family Law Court of the Spokane County Superior Court to establish a residential schedule under this cause number." CP at 63. The court ordered Mr. Fairfax to pay back child support.

¶3  Mr. Fairfax spent about two days a week with C.M.F. after the court established that he was her father. Ms.

Simpson also frequently relied on Mr. Fairfax's parents to care for C.M.F. Ms. Simpson moved from Spokane to Seattle in June 2009. She left C.M.F. in the care of Mr. Fairfax and his parents for some four months. Ms. Simpson returned to Spokane in November 2009 and took C.M.F. to Seattle for a week. She and Mr. Fairfax signed an agreement to name Mr. Fairfax as the custodial parent of C.M.F. The agreement read in part, "I recognize that Jonathan Graham Fairfax has been the custodial parent for the past 4 months and will continue to be considered such until new arrangements have been made." CP at 88. Ms. Simpson returned C.M.F. to Spokane following the visit but ultimately took her back to Seattle without telling Mr. Fairfax.

¶4 Mr. Fairfax petitioned in Spokane County for a residential schedule, parenting plan, and child support order pursuant to RCW 26.26.375. The court ordered Ms. Simpson to "bring the child with her to Spokane and have the child available at the time of the hearing." CP at 95. Ms. Simpson appeared with C.M.F. and agreed to an order that C.M.F. would remain with Mr. Fairfax pending a hearing. Following that hearing, the court entered a temporary residential schedule designating Mr. Fairfax as the custodian of C.M.F. "solely for purposes of all other state and federal statutes which require a designation or determination of custody." CP at 161.

¶5 A trial to determine the final residential schedule commenced January 10, 2011. A number of witnesses testified on behalf of both parties. At the close of Mr. Fairfax's case, Ms. Simpson moved to dismiss his petition pursuant to CR 12(b)(6) because no request for a finding of adequate cause had been made pursuant to RCW 26.09.260 and .270. She argued that the original order determining parentage was a final custody decree and therefore could be modified only after a finding of adequate cause. The court questioned the timeliness of the motion. Ms. Simpson responded that "[i]f the petition is filed wrongly, then there is no subject matter jurisdiction, and there's no adequate

cause." Report of Proceedings (RP) (Jan. 12, 2011) at 17. The court denied the motion. It held that the original order determined parentage and did not amount to a custody decree or a parenting plan subject to modification:

> When you look at the findings that were entered on July 30th of 2008, there was no residential schedule. There was no parenting plan, and there was no custody decree. It says specifically in the order that either parent may move the family law court of the Spokane County Superior Court to establish a residential schedule under this cause number, and the residence would be with mom only for the purposes of designated custodian solely for state and federal statutes.

> That is not a parenting plan or a custody decree, and there is no case law that says that is custody for the purposes of a custody decree or parenting plan. It was reserved at that time.

> So the proper method for filing to get a residential schedule would be under [RCW] 26.26.375. Once paternity has been acknowledged, the Court can establish a residential schedule, and that's why we're here at this point.

> So he does not need to file adequate cause as there was absolutely no parenting plan and no custody decree entered at the time on those findings of fact and conclusions.

RP (Jan. 12, 2011) at 18-19. The court also concluded that Ms. Simpson's CR 12(b)(6) motion was untimely.

¶6 The court awarded primary custody of C.M.F. to Mr. Fairfax and incorporated its oral findings and conclusions by reference in a final written order. The court found that Ms. Simpson lacked the stability and security necessary to raise C.M.F. Ms. Simpson had lived in nine different residences from April 2007 through January 2011. She currently lives with her boyfriend's sister and her husband in a small house in Seattle. She also did not have any certain plans for how to support herself and C.M.F. The court concluded that Mr. Fairfax could more adequately provide for C.M.F. and provide the necessary stability she required, and had done so for some time. Ms. Simpson appeals.

## DISCUSSION

### NECESSITY OF ADEQUATE CAUSE HEARING

¶7 Ms. Simpson notes that an adequate cause hearing is required by statute any time a court considers changing custody. *In re Marriage of Shryock*, 76 Wn. App. 848, 888 P.2d 750 (1995). And she argues that a paternity decree that awards one parent care, custody, and control of a child is a custody order that requires compliance with these statutes. *George v. Helliar*, 62 Wn. App. 378, 814 P.2d 238 (1991); *In re Parentage of Schroeder*, 106 Wn. App. 343, 22 P.3d 1280 (2001). She contends that Mr. Fairfax improperly used a petition to establish a residential schedule instead of a petition to modify a parenting plan.

¶8 Mr. Fairfax disagrees and argues that the order of parentage did not establish a residential schedule or parenting plan pursuant to RCW 26.26.130(7). It simply designated Ms. Simpson the custodial parent for other state and federal statutes. And the order gave either parent the opportunity to later move to establish a residential schedule. He notes that the reference to "other state and federal statutes" means the food stamp program, the Criminal Code (kidnapping), federal regulations issued on veterans' benefits, Social Security, and juvenile justice and delinquency prevention. *See In re Marriage of Kimpel*, 122 Wn. App. 729, 734 n.1, 94 P.3d 1022 (2004). Mr. Fairfax argues that a parenting plan cannot be established without evaluating RCW 26.09.187(3) (listing criteria for establishing parenting plan) and that adequate cause is not necessary when an actual parenting plan or residential schedule is reserved as it was here. He contends that the court then appropriately considers the RCW 26.09.187(3) criteria when, as here, a final determination is reserved, and that this was not a modification proceeding under RCW 26.09.260. Mr. Fairfax argues that no finding of adequate cause was necessary where custody remained with him

pursuant to his written agreement with Ms. Simpson. He contends that he had the authority to move the court for a parenting plan under RCW 26.26.130(7) and .375.

¶9 We review de novo a ruling on a motion to dismiss for failure to state a claim. *Reid v. Pierce County*, 136 Wn.2d 195, 200-01, 961 P.2d 333 (1998). Dismissal is proper when we can conclude that there are no facts that would justify the relief requested, here custody. *Cutler v. Phillips Petroleum Co.*, 124 Wn.2d 749, 755, 881 P.2d 216 (1994). CR 12(b)(6) requires dismissal where the plaintiff includes contentions that show on the face of the complaint that there is some insuperable bar to relief. *Id.* The plaintiff's contentions are presumed to be true. *Id.*

¶10 The statutory procedures for establishing adequate cause and requesting modification of a parenting plan are set out in chapter 26.09 RCW. A court may modify a custody decree or parenting plan if it finds (1) that there has been a substantial change in circumstances of the child or the nonmoving party, (2) modification is in the best interests of the child, and (3) modification is necessary to serve the best interests of the child. RCW 26.09.260(1). In general, a modification occurs "when a party's rights are either extended beyond or reduced from those originally intended." *In re Marriage of Christel*, 101 Wn. App. 13, 22, 1 P.3d 600 (2000). Here, Mr. Fairfax's petition for a residential schedule, parenting plan, and child support did not address the adequate cause threshold standard of RCW 26.09.260. And, of course, the court did not make any findings for adequate cause.

¶11 Mr. Fairfax notes that the judgment and order of parentage simply designated Ms. Simpson the custodial parent at that time "solely for the purpose of other state and federal statutes." The court then reserved the right for either parent to "move the Family Law Court of the Spokane County Superior Court to establish a residential schedule under this cause number." CP at 63.

¶12 A "determination of parentage" is the establishment of the parent-child relationship by the signing of a valid acknowledgement of paternity under RCW 26.26.300 through .375 or adjudication by the court. RCW 26.26-.011(7). Custodian solely for purposes of "other state and federal statutes" means those including the food stamp program, 7 U.S.C. § 2015; the Criminal Code (kidnapping), 18 U.S.C. § 1204; federal regulations issued on veterans' benefits, 38 C.F.R. §§ 3.24, 3.57, and 3.850; Social Security, 42 U.S.C. § 1396r-1a; and juvenile justice and delinquency prevention—missing children, 42 U.S.C. §§ 5773 and 5775. *Kimpel*, 122 Wn. App. at 734 n.1 (referencing RCW 26.09.285[1]).

¶13 The judgment and order of parentage here did not establish a parenting plan or residential schedule. It was not required to. RCW 26.26.130(7) (court need not enter a parenting plan unless requested by the parties). Paternity was established, and back child support was awarded. There is no suggestion in this record that the court ever applied chapter 26.09 RCW to designate a custodial parent before entering the judgment and order of parentage. And the State did not even request that a parenting plan or residential schedule be set in its petition to establish parentage. The right to request a residential schedule was reserved for either parent to make at a later date. Ms. Simpson's original designation as custodian was not permanent and not intended to serve any purpose other than to satisfy certain state and federal statutes. We conclude then that Mr. Fairfax had the right to petition the court for the residential schedule and parenting plan without the necessity of the adequate cause hearing required by RCW 26.09.270.

---

[1] RCW 26.09.285 provides, "Solely for the purposes of all other state and federal statutes which require a designation or determination of custody, a parenting plan shall designate the parent with whom the child is scheduled to reside a majority of the time as the custodian of the child. . . . In the absence of such a designation, the parent with whom the child is scheduled to reside the majority of the time shall be deemed to be the custodian of the child for purposes of such federal and state statutes."

██ █ ¶14 And the court had broad equitable power to implement a final residential schedule under RCW 26.26-.375. *See In re Marriage of Possinger*, 105 Wn. App. 326, 336-37, 19 P.3d 1109 (2001); *In re Marriage of Adler*, 131 Wn. App. 717, 725, 129 P.3d 293 (2006). The court then appropriately applied the criteria governing parenting plans in RCW 26.09.187, rather than treating the review as a modification. *See Adler*, 131 Wn. App. at 725. RCW 26.09.187(3)(a) states that the court should consider the following seven factors when determining residential placement:

(i) The relative strength, nature, and stability of the child's relationship with each parent;

(ii) The agreements of the parties, provided they were entered into knowingly and voluntarily;

(iii) Each parent's past and potential for future performance of parenting functions as defined in RCW 26.09.004(3), including whether a parent has taken greater responsibility for performing parenting functions relating to the daily needs of the child;

(iv) The emotional needs and developmental level of the child;

(v) The child's relationship with siblings and with other significant adults, as well as the child's involvement with his or her physical surroundings, school, or other significant activities;

(vi) The wishes of the parents and the wishes of a child who is sufficiently mature to express reasoned and independent preferences to his or her residential schedule; and

(vii) Each parent's employment schedule, and shall make accommodations consistent with those schedules.

(Reviser's note omitted.)

¶15 In *Possinger*, the trial court adopted the father's parenting plan but provided for a review after one year. At the end of the year, the court modified the residential provisions of the parenting plan without applying the

standards in RCW 26.09.260; instead the trial court applied the criteria in RCW 26.09.187. *Possinger*, 105 Wn. App. at 331. On review, Division One of this court held that

> the trial court is not precluded by the Parenting Act[, chapter 26.09 RCW] from exercising its traditional equitable power derived from common law to defer permanent decision making with respect to parenting issues for a specified period of time following entry of the decree of dissolution of marriage.

*Id.* at 336-37.

¶16 Also, in *Adler*, Division One held that a divorcing couple could defer entry of a binding custody decision and residential schedule by agreement. 131 Wn. App. at 724-26. The parents in *Adler* agreed that for one year, either could request a review of the terms of the initial parenting plan without showing a substantial change in circumstances. They stipulated that in the event a request was made within the one-year period, there was adequate cause for a hearing. *Adler*, 131 Wn. App. at 720-21. The husband requested such review; it resulted in a modification, and the wife was disappointed by the result. *Id.* at 721-22. She challenged the modification and argued, in part, that the requirements of substantial change in circumstances and threshold showing of adequate cause serve public policy and the interest of affected children and should not be subject to waiver by the parties. *Id.* The court held that the children's interests were protected by the statutorily required standards applied in the modification proceeding.

¶17 Here, there was no deferral of the entry of any binding custody decision or residential schedule because one was never requested. The establishment of a residential schedule and parenting plan was reserved. The court then had the authority to implement a final residential schedule and apply the criteria governing parenting plans in RCW 26.09.187, rather than treating the review as a modification. *See Adler*, 131 Wn. App. at 725. The court did just that; it properly considered the factors and determined that residential placement was best with Mr. Fairfax.

¶18  We affirm the judgment of the superior court.

ATTORNEY FEES

¶19  Mr. Fairfax requests attorney fees, but his request is unsupported. RAP 18.1. We, therefore, deny his request.

SIDDOWAY, A.C.J., and BROWN, J., concur.

Review granted at 176 Wn.2d 1019 (2013).