IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Parentage of: | ) | No. 30617-8-III |
| | ) | |
| TMLT | ) | |
| | ) | |
| BRIAN S. TANIS, | ) | |
| | ) | |
| Appellant, | ) | UNPUBLISHED OPINION |
| | ) | |
| ALENA S. LIKES, | ) | |
| | ) | |
| Respondent. | ) | |

KULIK, J. — Brian Tanis petitioned Grant County Superior Court for a minor modification to the parenting plan for his child, T.M.L.T. At trial, Mr. Tanis presented a parenting plan that requested a major modification and changed T.M.L.T.'s primary residence to his home. The court found a substantial change in T.M.L.T.'s environment and granted the modification to serve the best interest of the child. Alena Likes, T.M.L.T.'s mother, failed to appear at trial but filed two CR 59 motions for reconsideration. She also moved to vacate the judgment under CR 60(b). The court initially denied Ms. Likes's CR 59 motions, but granted the CR 60(b) motion. After considering the issue again, the court then denied Ms. Likes's CR 60(b) motion and

granted Ms. Likes's second CR 59 motion for reconsideration. The court determined that there were irregularities in the court's proceedings and that the parenting plan granted relief to Mr. Tanis to which he is not entitled, based on the evidence presented at trial. Mr. Tanis appeals. He contends that the trial court lacked the authority to grant the CR 59 motion because its review was untimely. We conclude that CR 60(b)(11) necessitates a new trial based on the irregularities in the first trial. Therefore, we remand for a new trial.

## FACTS

Mr. Tanis and Ms. Likes entered a final residential schedule in October 2004 for their child T.M.L.T. (D.O.B. March 2, 2004). The schedule generally split the residential time between the two parents.

A few years later, when T.M.L.T. entered school, the parties deviated from the parenting plan and followed a schedule in which T.M.L.T. lived with Ms. Likes during the week and with Mr. Tanis on the weekends.

In March 2010, on T.M.L.T.'s sixth birthday, Mr. Tanis petitioned to modify the residential schedule. In his petition, Mr. Tanis requested minor adjustments to the residential provisions under RCW 26.09.260(5)(c) and declared that the proposed modification "is a minor modification in the residential schedule that does not change the

2

residence the [child is] scheduled to reside in the majority of the time." Clerk's Papers (CP) at 97. He also declared in the petition that the increase was more than 24 full days but less than 90 overnights per year. In the accompanying parenting plan, Mr. Tanis proposed primary residential placement with him, with T.M.L.T. residing with Mr. Tanis every weekend, and alternate placement between Mr. Tanis and Ms. Likes during the school week and split school breaks between the parents.

Mr. Tanis explained that a substantial change in circumstances existed and an adjustment was needed because the prior plan did not provide for a school schedule. He contended that Ms. Likes threatened to terminate Mr. Tanis's weekend visits with T.M.L.T. because the visits were not in the schedule. He also contended that he was concerned for the child because Ms. Likes had sent strangers to pick up T.M.L.T. from visitation even though the strangers did not have proper restraints for a six-year-old child and had been under the influence of drugs or alcohol.

Ms. Likes also petitioned for adjustments to the residential schedule. She stipulated that there was adequate cause for the court to modify the previous parenting schedule. In Ms. Likes's proposed plan, T.M.L.T. would reside with Ms. Likes during the week, and every other weekend. T.M.L.T. would reside with Mr. Tanis on the

alternate weekends with additional residential time during the summer. The proposed plan also divided the holidays between the parties.

A trial was held on November 21, 2011. Ms. Likes failed to appear. The court heard testimony presented by Mr. Tanis. On the day of trial, Mr. Tanis filed a new proposed parenting plan. The new plan proposed only alternating weekends for Ms. Likes during the school year, one-half of the school holidays, and three weeks during the summer. The proposed parenting plan also changed T.M.L.T.'s primary residential placement to Mr. Tanis. Mr. Tanis stated that there were no limiting factors to be considered in placement. Following the trial, the court orally granted Mr. Tanis's petition and directed entry of the parenting plan as submitted by Mr. Tanis, with some specific alterations.

Ms. Likes, pro se, filed a motion for reconsideration on November 29. She contended that she did not appear because she was not served with notice of the trial date. She noted a hearing date for December 8.

On December 2, the trial court held a presentment hearing for the order of modification and the parenting plan. When the case was called, Ms. Likes was not present. The trial court summarily denied Ms. Likes's motion for reconsideration.

The order for modification presented by Mr. Tanis at the December 2 hearing differed from what he requested in his March 2010 petition for modification. The new order for modification presented to the trial court indicated that a more extensive modification was needed under RCW 26.09.260(1) and (2), and that the minor adjustment provisions of RCW 26.09.260(5) did not apply.

The December 2 order for modification also included a limiting factor that was not pleaded in Mr. Tanis's March 2010 petition or proposed parenting plan. The order indicated that the parenting plan should be modified under RCW 26.09.260(1) and (2) because of a substantial change in circumstances to T.M.L.T.'s environment due to Ms. Likes's increased use of illegal drugs, physical abuse, and failure to respond to T.M.L.T's educational deficiencies. The order included a finding that the mother's continued use of illegal drugs impaired her parenting functions. The order concluded that the modification was needed to serve the best interests of the child. For these reasons, Ms. Likes's residential time was limited.

The court entered the modification order and parenting plan as presented by Mr. Tanis. A few minutes later, Ms. Likes appeared in court alleging that she was directed to the wrong courtroom. The trial court heard Ms. Likes's arguments, but adhered to its

5

earlier ruling. The court advised Ms. Likes of the potential for another motion for reconsideration from the December 2 order.

On December 13, Ms. Likes filed a second motion for reconsideration of the December 2 parenting plan. Ms. Likes again contended that she did not receive notice of the November 21 trial date. She also contended that the trial court indicated to her that it did not make a finding related to her parental fitness. Without such a finding, Ms. Likes argued that the court did not have a basis for changing T.M.L.T.'s primary residence to Mr. Tanis's home.

The trial court denied Ms. Likes's second motion for reconsideration. The court doubted Ms. Likes's credibility and found that her failure to attend trial was a matter of inexcusable neglect or inadvertence. The court concluded that Ms. Likes received written notice of the trial date, and that the parenting plan was in the best interest of the child based on the testimony presented at trial.

Ms. Likes filed a motion to vacate the parenting plan and grant a new trial pursuant to CR 60(b)(1) and CR 60(b)(11). During the motion hearing on December 29, Ms. Likes alleged that the parenting plan was not supported by the pleadings and the trial evidence.

On January 13, 2012, the trial court issued a letter opinion in response to Ms. Likes's motion for a new trial. The court stated that it reviewed the file and testimony.

Importantly, the court noted that Mr. Tanis's proposed parenting plan, presented after trial, inexplicably included a finding that Ms. Likes's long-term drug abuse interfered with her parenting functions, even though "[s]uch a limiting factor had not been plead[ed], included in the proposed parenting plan, or discussed by the court in its oral ruling." CP at 83.

The court concluded that the parenting plan should be vacated for several reasons. First, the trial court found that the evidence did not support the drug abuse finding made in the order of modification of the parenting plan. The court stated that the entire testimony regarding drug use consisted of Mr. Tanis's allegations that (1) he confronted Ms. Likes with drug paraphernalia while they were living together, (2) Ms. Likes had attitude changes and a lip biting habit, and (3) Ms. Likes had mood swings and computers and bicycles torn apart in her living room. The court concluded that this evidence was insufficient to establish drug abuse by Ms. Likes, let alone long-standing drug abuse that interferes with her parenting. The court also concluded that the evidence of physical abuse of T.M.L.T. was insufficient. And, while T.M.L.T may have shortcomings in completing his homework, his school progress reports indicate decent grades and behavior.

7

Second, the trial court found the order and parenting plan granted relief beyond what was requested in Mr. Tanis's petition. The court explained that Mr. Tanis based his petition for modification on RCW 26.09.260(5)(c), which is designated for minor modifications. Thus, the court noted that it may not change T.M.L.T's primary placement and may not enter a parenting plan that grants Mr. Tanis more than 90 overnights per year. The court concluded that it exceeded the relief sought in the petition for modification, making the court's order void. Accordingly, the court vacated its order and reopened the matter for additional trial proceedings.

Mr. Tanis contested the court's decisions, arguing that CR 54(c) allowed the court to grant any relief that the father is entitled because the matter was resolved by trial, and an error of law is not appropriately corrected under CR 60, but by appeal.

On February 10, the trial court changed its basis for granting a new trial. In its written findings of fact and conclusions of law, the court concluded that the circumstances did not provide a basis for relief under CR 60 and denied the motion. The court also concluded that Ms. Likes's second CR 59 motion for reconsideration should have been granted. The court stated that the parenting plan granted relief to Mr. Tanis to which he is not entitled because the trial evidence did not prove a substantial change in the circumstances of Ms. Likes or T.M.L.T.

Correspondingly, the court withdrew its previous denial of the motion for reconsideration and granted relief. The trial court concluded, "In order to avoid manifest injustice herein, it is necessary to vacate the Parenting Plan entered after trial and re-open the trial proceedings. There was an irregularity in the proceedings of the court, and an abuse of discretion, in that the Court at trial erroneously equated a finding of adequate cause with a finding of substantial change in circumstances, justifying modification of the Parenting Plan." CP at 21.

Mr. Tanis appeals. He contends that the trial court did not have the authority to reconsider its decision and to vacate the parenting plan because it failed to timely raise the issue. Additionally, he contends the court had no authority to grant Ms. Likes's second motion for reconsideration because Ms. Likes's motion was also untimely. Mr. Tanis requests that we reinstate the December 2 parenting plan.

## ANALYSIS

We look first at whether this court should decide, sua sponte, that the trial court erred by denying Ms. Likes's CR 60(b)(11) motion.

RAP 12.1(b) allows a new issue to be raised by the appellate court. "If the appellate court concludes that an issue which is not set forth in the briefs should be considered to properly decide a case, the court may notify the parties and give them an

opportunity to present written argument on the issue raised by the court." RAP 12.1(b). While we generally limit review to claimed errors, we also liberally interpret the Rules of Appellate Procedure to promote justice and facilitate a decision on the merits. *State v. Bonisisio*, 92 Wn. App. 783, 796, 964 P.2d 1222 (1998); RAP 10.3; RAP 1.2.

This case is distinguishable from the recent Supreme Court opinion *Clark County v. Western Washington Growth Management Hearings Review Board*, No. 85989-2, 2013 WL 1163889 (Wash., Mar. 21, 2013). Unlike the annexed land claims raised in *Clark County*, the validity of the December 2 judgment and parenting plan is not a separate and distinct issue because Mr. Tanis asks us to reinstate the December 2 judgment and parenting plan. Also, the parties did not stipulate to the terms of the parenting plan. Thus, review of the validity of the judgment and parenting plan and the trial court's reasons for vacating those orders had a bearing on the claims and issues that were actually presented on appeal.

Pursuant to RAP 12.1(b), we review the trial court's decision denying Ms. Likes's CR 60(b)(11) motion. A review of the issue is needed to facilitate a decision on the merits and to promote justice for T.M.L.T. The parties were allowed to file supplemental briefing on this issue.

The standard of review for a decision granting a motion to vacate under CR 60(b) is abuse of discretion. *Barr v. MacGugan*, 119 Wn. App. 43, 46, 78 P.3d 660 (2003).

CR 60(b)(11) allows a trial court to vacate an order for "[a]ny other reason justifying relief from the operation of the judgment." CR 60(b)(11) is confined to extraordinary circumstances when no other section of the rule applies. *In re Marriage of Furrow*, 115 Wn. App. 661, 673, 63 P.3d 821 (2003). The circumstances must relate to irregularities that are "extraneous to the action of the court." *In re Marriage of Yearout*, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985). Irregularities that are extraneous to the court's action or involve substantial deviations from a prescribed rule or means of proceeding justify vacating an order under CR 60(b)(11); errors of law cannot be addressed in a CR 60(b)(11) motion. *Furrow*, 115 Wn. App. at 674 (quoting Philip A. Trautman, *Vacation and Correction of Judgments in Washington*, 35 WASH. L. REV. 505, 515 (1960)).

."'Viewing the problem more generally it appears that an irregularity is regarded as a more fundamental wrong, a more substantial deviation from procedure than an error of law.'" *Id.*

Modifications of parenting plans are governed by RCW 26.09.260. "Procedures relating to the modification of a prior custody decree or parenting plan are statutorily

11

prescribed and compliance with the criteria set forth in RCW 26.09.260 is mandatory." *In re Marriage of Shryock*, 76 Wn. App. 848, 852, 888 P.2d 750 (1995).

"RCW 26.09.260(1), the statute governing modification of parenting plans, places a heavy burden on a parent seeking to change the primary residential placement of a child." *In re Marriage of Pape*, 139 Wn.2d 694, 710, 989 P.2d 1120 (1999). "Except as otherwise provided . . . the court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child." RCW 26.09.260(1).

In applying the above standards, "the court shall retain the residential schedule established by the decree or parenting plan unless: . . . (c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." RCW 26.09.260(2).

By contrast, RCW 26.09.260(5) establishes a procedure for parents to make minor adjustments to the residential provisions of a parenting plan without having to carry the

heavy burden imposed for those seeking to change the child's primary residence. *Pape*, 139 Wn.2d at 710. If the proposed modification is only a minor modification, the provisions of RCW 26.09.260(5) allow the trial court to order adjustments to the residential aspects of a parenting plan upon a substantial change in circumstances of either parent or of the child, without having to consider the factors listed in RCW 26.09.260(2).

A minor modification in the residential schedule is one that does not change the residence the child is scheduled to reside in the majority of the time and:

> (a) Does not exceed twenty-four full days in a calendar year; or
>
> (b) Is based on a change of residence of the parent with whom the child does not reside the majority of the time or an involuntary change in work schedule by a parent which makes the residential schedule in the parenting plan impractical to follow; or
>
> (c) Does not result in a schedule that exceeds ninety overnights per year in total [if other conditions are met].

RCW 26.09.260(5).

"Custodial changes are viewed as highly disruptive to children, and there is a strong presumption in favor of custodial continuity and against modification." *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993).

The legislature expressed the policy for statutes included in chapter 26.09 RCW:

13

> Parents have the responsibility to make decisions and perform other parental functions necessary for the care and growth of their minor children. . . . The state recognizes the fundamental importance of the parent-child relationship to the welfare of the child, and that the relationship between the child and each parent should be fostered unless inconsistent with the child's best interests. Residential time and financial support are equally important components of parenting arrangements. The best interests of the child are served by a parenting arrangement that best maintains a child's emotional growth, health and stability, and physical care.

RCW 26.09.002.

We conclude the court abused its discretion by denying Ms. Likes's CR 60(b)(11) motion. The trial court admitted that there was "an irregularity in the proceedings of the court, and an abuse of discretion, in that the Court at trial erroneously equated a finding of adequate cause with a finding of substantial change in circumstances, justifying modification of the Parenting Plan." CP at 21. The trial court's substantial deviation from the strict, mandatory guidelines of RCW 26.09.260 resulted in an irregularity in the proceedings that is extraneous to the court's action. Mr. Tanis failed to alert the court in his petition that he intended to seek a change in T.M.L.T.'s primary residence under RCW 26.09.260(1) and (2) and the trial court failed to hold Mr. Tanis to the higher burden mandated under the statute. This irregularity warrants a new trial on the matter.

The resulting injustice from these irregularities is the effect the proceedings will have on T.M.L.T. At stake is the welfare of T.M.L.T., who plays no active role in the

14

litigation, but who is directly affected by the outcome. Allowing a change in T.M.L.T.'s primary residence without applying the proper modification statute and corresponding standard goes against the best interest of T.M.L.T. and public policy. The change in custody violates the strong presumption in favor of custodial continuity and against modification. *See McDole*, 122 Wn.2d at 610. Furthermore, changing T.M.L.T.'s primary residence without applying the proper standard violates RCW 26.09.002 because it does not promote the relationship between T.M.L.T. and his mother. The relationship between the child and each parent should be fostered unless inconsistent with the child's best interest, which has not been established in T.M.L.T.'s situation.

Also of some importance is the resulting injustice that will occur if primary residential custody is taken away from Ms. Likes without giving her proper notice of Mr. Tanis's intent to change T.M.L.T.'s primary residence. She was not notified of the possibility that her parental rights could be substantially impacted. While Ms. Likes was in error for failing to appear at trial, the worst she could expect from her nonappearance was a minor modification of the parenting plan. Ms. Likes was not given notice that the court could potentially find her a deficient parent and severely restrict her contact with her child. Again, the court's action that allowed Mr. Tanis to make substantial

15

modifications to the parenting plan without alerting Ms. Likes of his intentions fails to foster the relationship between the child and *each* parent.

We agree with the trial court that a new trial is needed to correct the irregularity in the proceedings of the court and to avoid manifest injustice. The trial court recognized its failure to follow the standards set forth in RCW 26.09.260. Therefore, given this court's authority to raise the issue under RAP 12.1(b), we conclude that the trial court abused its discretion by denying relief under CR 60(b)(11) and remand for a new trial. Because this issue is dispositive, we need not address any other issues raised on appeal.

*Conclusion.* We reverse the trial court's decision granting the CR 59 motion, and we reverse the trial court's decision denying Ms. Likes's CR 60(b)(11) motion. We grant Ms. Likes relief under CR 60(b)(11) and remand to the trial court for a new trial.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Kulik, J.

WE CONCUR:

Brown, J.

Siddoway, A.C.J.

16