IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 36766-5-III |
| | ) | |
| TIFFANY CARPENTER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| CHRISTIAN CORREA, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, C.J. — Tiffany Carpenter appeals a parenting plan modification order, arguing the trial court should have granted her sole decision-making authority. We disagree and affirm.

## FACTS

Tiffany Carpenter and Christian Correa are divorced with two daughters. Their parental rights and obligations are set forth by a parenting plan issued by a Texas court. That plan designated Ms. Carpenter as the primary residential parent and gave Mr. Correa visitation rights based on how far away he lived from Ms. Carpenter. The parents shared decision-making authority.

The parties eventually relocated to Spokane County. Ms. Carpenter filed a motion to modify the parenting plan in Spokane County Superior Court. She requested changes to Mr. Correa's visitation schedule and sought to restrict Mr. Correa's decision-making authority due to emotional conflict. Mr. Correa filed a written objection to Ms. Carpenter's motion. He claimed Ms. Carpenter was actually the one engaging in misconduct.

The court found adequate cause to proceed to a full hearing on the modification petition. Ms. Carpenter attended the hearing and was represented by counsel. Mr. Correa did not appear.

At the modification hearing, Ms. Carpenter testified that Mr. Correa loves his children, but the parties had disagreements about their daughters' extracurricular activities. She also testified Mr. Carpenter could be verbally demeaning, but that productive communication was possible in writing.

After hearing from Ms. Carpenter and her attorney, the court made the following comments:

> And so I sit here as a judge wondering how giving sole decision making is likely to avoid conflict. And I intellectually find that difficult because I think we're setting the parents up to continue to fight through their children. And I don't want this taken the wrong way; but having been raised in a Catholic Methodist home, if one parent was to insist that they had the right to raise the other children—and in those days, one was

2

supposed to accept under the church's doctrine—and then came to court
and wanted permission—for my father to insist that I go to the Catholic
Church every Sunday, it would be a problem.

Report of Proceedings (Apr. 1, 2019) at 28-29.

The court made changes to the parties' visitation schedule, but not their decision-making authority. The court explained it did not find sufficient evidence of abusive use of conflict, as alleged by Ms. Carpenter. It also did not find awarding Ms. Carpenter sole decision-making authority would be in the children's best interest.

Ms. Carpenter appeals the trial court's modification order, arguing she should have been granted sole decision-making authority.

## ANALYSIS

We review a trial court's order modifying a parenting plan for an abuse of discretion. *In re Marriage of Zigler*, 154 Wn. App. 803, 808, 226 P.3d 202 (2010). Discretion is abused if it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Modification of a parenting plan involves a two-step statutory process. First, a party requesting modification must establish a substantial change in circumstances. RCW 26.09.270. If this burden is met, the court will hold a full hearing and decide the matter on the merits. *Id*. At the merits hearing, the court may grant a nonresidential

modification of a parenting plan "upon a showing of a substantial change of circumstances of either parent or of a child, and the adjustment is in the best interest of the child." RCW 26.09.260(10). Without the required statutory findings, a trial court lacks modification authority. *In re Marriage of Shryock*, 76 Wn. App. 848, 852, 888 P.2d 750 (1995).

Ms. Carpenter satisfied the first step of the modification process, but not the second. The court found adequate cause to hold a hearing on Ms. Carpenter's modification petition, but it did not find an alteration of decision-making authority to be in their children's best interest. Ms. Carpenter does not challenge this finding.[1] The absence of a challenge to that finding makes it a verity on appeal. *In re Marriage of Brewer*, 137 Wn.2d 756, 766, 976 P.2d 102 (1999). Ms. Carpenter therefore cannot show an abuse of discretion.

Ms. Carpenter criticizes the trial court's reference to its own upbringing in an interfaith household. But such illustrative comments are not inappropriate. *Fernando v. Nieswandt*, 87 Wn, App. 103, 109, 940 P.2d 1380 (1997). Ms. Carpenter has not alleged "bias, prejudice, or other impropriety." *Id*. As such, her challenge to the trial court's analysis fails.

---

[1] Ms. Carpenter focuses on standards relevant to an initial parenting plan decision

No. 36766-5-III
*In re Marriage of Carpenter & Correa*

CONCLUSION

The modification order is affirmed. Mr. Correa's request for attorney fees is

denied, as he fails to establish that the appeal was frivolous. RAP 18.9(a).[2]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:


_____
Korsmo, J.


_____
Fearing, J.

---

in RCW 26.09.187, not those for a motion to modify an existing plan.

[2] Although not raised by the parties, the trial court may wish to correct its written findings which state: "Because of a substantial change in one parent's/child's situation, the court approves changes to the following parts of the Parenting Plan that are in the children's best interest: Decision-making." Clerk's Papers at 737. This appears to be a clerical mistake, correctable at any time on the court's own initiative. CR 60(a).

5